In the Matter of GARLAND PROPERTIES, INC., Respondent, v. ASSESSOR OF THE CITY OF ELMIRA, NEW YORK, Appellant.— Appeal from an order and judgment of the Supreme Court at Special Term, entered in Chemung County, which reduced the assessment on petitioner's real property from $159,550 to $65,000. On a claim of overvaluation petitioner brought this application for review of its real property assessment pursuant to article 7 of the Real Property Tax Law. Respondent Assessor of the City of Elmira appeals from a final order and judgment reducing the assessment on petitioner's commercial property located at 232–246 Water Street in said city for the years 1967 to 1970, inclusive. Petitioner's expert, using the capitalization of income approach, for lack of comparable sales for use of the market data approach, found the full market value to be $76,000 and the assessed value, based on the conceded equalization rate for Elmira of 50%, $38,000. Respondent's expert determined the full value to be $165,600 and the assessed value $82,800. This appraisal was also based upon the income approach. Petitioner's vice-president and manager

testified that he had sold the property on an oral contract for $125,000 contingent upon a reduction in assessment and the obtaining of sufficient financing. The prospective purchaser also testified and confirmed the agreement. It appears from the record that satisfactory financing created no serious problem. The trial court found the market value to be $130,000 and reduced the assessment to $65,000. The court determined that in negotiating for the sale of the property the parties were dealing at arm's length and both fully intended to consummate the transaction if the assessment matter could be resolved. The sole issue for our determination relates to the question of the admissibility of the testimony of petitioner and the prospective purchaser as to a pending sale of the property and the degree of weight, if any, that should be attributed to it. We find no error in allowing proof of the facts and circumstances of the prospective sale, nor in the trial court's placing considerable weight thereon as evidence of the value of the property. The details of the oral agreement of sale of the subject property testified to by both petitioner and the prospective buyer, if believed by the court, can be the best evidence of market value. (See *Matter of Seneca Grape Juice Corp.* v. *Board of Assessors*, 33 A D 2d 951.) The lack of a written contract under the circumstances merely touched on the credibility of the parties to the transaction. We find that the record justifies the reduction of the assessment for the years involved. Order and judgment affirmed, with costs. Greenblott, J. P., Sweeney and Reynolds, JJ., concur; Simons, J., dissents and votes to reverse in the following memorandum. Staley, Jr., J., not voting. Simons, J. (dissenting). The trial court's decision makes it clear that in valuing this shopping center for tax purposes it relied exclusively on an oral agreement to buy the property which was not binding on anyone, and also contingent on a reduction in this assessment and upon the purchaser obtaining financing acceptable to him. This evidence was nothing more than an unsupported opinion of value. Furthermore, the court made no adequate findings to support its determination as required by section 720 of the Real Property Tax Law. (Cf. *Matter of Putnam Theatre Corp.* v. *Gingold*, 16 A D 2d 413.) The judgment should be reversed and a new trial ordered.